**STATE of Iowa, Appellee,**

v.

**Harold Lindsey HALL, Appellant.**

No. 62043.

Supreme Court of Iowa.

Jan. 23, 1980.

John R. Sandre, of Scalise, Scism, Gentry, Brick & Brick, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., and Julie F. Pottorff, Asst. Atty. Gen., for appellee.

Considered by LeGRAND, P. J., and REES, UHLENHOPP, HARRIS, and McCORMICK, JJ.

LeGRAND, Justice.

This appeal from judgment following trial on an information charging murder in violation of § 690.1, The Code 1977, raises only one issue. It challenges the sufficiency of the evidence to support the finding of first-degree murder. We affirm.

The case was tried to the court rather than to a jury. See rule 16, R.Crim.P. As part of his argument, defendant pleads for a new scope of review for criminal cases tried without a jury. Defendant's brief urges us to give his appeal a much more "strict scrutiny" than we would if the case

had been tried to a jury. We held in *State v. Henderson*, 287 N.W.2d 583 (Iowa 1980) a criminal defendant has an "absolute right [under rule 16(1)] to waive jury trial and obtain a nonjury trial." Thus, while defendant invoked that rule in the present case, he now seeks to expand its terms by insisting it provides a new scope of review. Nothing in the rule indicates we should depart from the established principle in other court-tried law cases that findings of fact, if supported by substantial evidence, have the same effect as a special jury verdict. *Hammer v. County of Ida*, 231 N.W.2d 896, 900 (Iowa 1975); *Baker v. Beal*, 225 N.W.2d 106, 109 (Iowa 1975). This is the standard we now adopt for cases tried without a jury under rule 16.

 The scope of review summarized in *State v. Overstreet*, 243 N.W.2d 880, 884 (Iowa 1976), for challenges from jury verdicts is equally applicable here. There we said:

It is . . . well settled that on defendant's appeal from criminal conviction based on jury verdict challenging sufficiency of evidence to sustain the verdict, this court views the evidence in the light most favorable to the State and accepts as established all reasonable inferences tending to support the jury's action. It is necessary to consider only the supporting evidence whether contradicted or not. It is for the fact finder, not us, to resolve questions of fact and determine the credibility of witnesses. Thus, a finding of guilt by the trier of fact is binding on this court unless we find it is without substantial support in the record or is clearly against the weight thereof.

 With these principles in mind, we set out the evidence as it appears most favorable for the State. On the evening of September 28, 1977, the defendant, in the company of Mr. and Mrs. Ricky Roland and armed with a gun, went to the Ebony Lounge in Des Moines. From there they proceeded to the Y-Not Grill. Sometime during the evening they were joined by Rose Allen. Shortly after midnight they

returned to the apartment where they all lived. For some reason which the record does not disclose, an altercation arose when defendant and the others tried to enter the front door. Jessie Comly, Jr., the murder victim, would not permit them to do so. A "heated argument" followed. There were both physical and verbal attacks, during which defendant "pistol whipped" Comly, Jr. All this took place on the first floor of the apartment building. Although the details are not clear, the participants in this original fracas, including Comly, Jr., started upstairs. Both defendant and Comly, Sr. had apartments on the third floor. When they got to the second floor landing, Jessie Comly, Sr., father of the victim, attracted by the commotion, was coming down from the third floor. He had a gun, which he was openly brandishing. The argument seemed to subside, and the group continued up the stairs. As Comly, Sr. was walking toward his apartment, he heard someone yell something. He turned toward the sound. He saw defendant aiming a gun at him. Next, he "saw fire" and knew that he was hurt. The "next split second" he saw his son fall from a second shot.

The record amply supports a finding of first-degree murder, which is defined in section 690.2, The Code 1977, as murder "perpetrated by means of poison, or lying in wait, or any other kind of willful, deliberate, and premeditated killing." *See State v. Winfun*, 261 N.W.2d 484, 486 (Iowa 1978); *State v. Smith*, 240 N.W.2d 693, 695 (Iowa 1976).

Defendant concedes he assumes a great burden in challenging the sufficiency of the evidence. Indeed he does, and it is one which he has not met. Having first pistol-whipped his victim into virtual insensibility, defendant shot Comly, Sr. and then turned his gun on Comly, Jr. There was abundant evidence from which the trial court could find malice and that the killing was willful, deliberate, and premeditated. In fact defendant does not seriously dispute such findings except as part of his argument that he acted in self-defense.

In doing so he relies heavily on the testimony of John Dolan, a private investigator, who testified to physical facts which he said supported the story that Comly, Jr. was advancing toward defendant when he was shot. Defendant had so testified and had said he feared for his safety because he thought Comly, Jr. had a gun as he approached menacingly toward him. He argues here he was justified in shooting Comly, Jr. to protect himself from harm. *See State v. Beyer*, 258 N.W.2d 353, 356 (Iowa 1977).

Defendant's reliance on John Dolan is unavailing for several reasons. In the first place, the trial court is not obliged to take his theory as true. *Eickelberg v. Deere & Company*, 276 N.W.2d 442, 447 (Iowa 1979). Furthermore, even if believed, it would by no means have the important effect which defendant ascribes to it. It would simply be one circumstance to be considered together with all the other evidence.

Defendant's self-defense theory might have some credence if it were directed toward the charge of shooting Comly, Sr., who was armed and who had threatened defendant. However, defendant disposed of any threat from that source by gunning him down. His shooting of Comly, Jr., unarmed and already the victim of defendant's physical violence, does not present facts which make out a plausible case of justification. The trial court's findings show that the defense was considered and rejected. There is substantial evidence from which the trial court could find the State had proved beyond a reasonable doubt that defendant was not acting in self-defense when he shot Comly, Jr.

We have reviewed the record and find substantial evidence to support the trial court's finding that defendant was guilty of first-degree murder beyond a reasonable doubt. The judgment is affirmed.

AFFIRMED.