**Harold L. HALL, Appellant,**

v.

**STATE of Iowa, Appellee.**

**No. 67050.**

Supreme Court of Iowa.

Oct. 27, 1982.

James P. Cleary, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Roxann M. Ryan, Asst. Atty. Gen., James A. Smith, Asst. County Atty., for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, McGIVERIN, LARSON, and CARTER, JJ.

CARTER, Justice.

Postconviction applicant, Harold L. Hall, whose first degree murder conviction was affirmed in *State v. Hall,* 287 N.W.2d 564 (Iowa 1980), appeals from the subsequent denial of his application for postconviction relief under Iowa Code chapter 663A.

Hall asserted in his postconviction application that he was denied due process under the fourteenth amendment to the federal constitution by reason of an *ex parte* communication between the county attorney and the judge who presided at his 1978 murder trial. On this appeal, he asserts that the postconviction trial court erred in not sustaining this contention based upon the evidence presented at the postconviction hearing and further erred in permitting the presiding judge at Hall's 1978 murder trial to testify concerning the effect of the alleged *ex parte* communication upon the decision entered in that case. We review these claims and affirm the denial of postconviction relief.

At the postconviction hearing, attorney John Sarcone testified that he talked with County Attorney Dan Johnston on April 18, 1978, the same day that Judge A.M. Critelli handed down his decision finding Hall guilty of first degree murder. According to Sarcone, Johnston told him of the latter's conversation with Judge Critelli wherein Johnston allegedly told Critelli "that his decision in this particular case would determine how many cases would be tried to the court without a jury." Although Johnston did not say if this conversation with Judge Critelli occurred before the latter had made

his decision, Sarcone testified that he got the impression that the conversation occurred before the decision was made. Johnston testified at the postconviction hearing and stated he could not recall ever discussing Hall's case with Judge Critelli, although he did not specifically deny that such a conversation took place.

Judge Critelli testified that Hall's waiver of a jury trial occurred shortly after the enactment of Iowa R.Crim.P. 16(1). As a result he believed that this was probably the first nonjury felony trial held in Polk County if not in the entire state. He stated that this new rule was a topic of considerable interest among judges and criminal lawyers with speculation as to how often criminal defendants in felony cases would waive their right to a jury trial. With regard to his conversation with Johnston, Judge Critelli stated his belief that it occurred after he made his decision as to Hall's guilt. He also testified that he, not Johnston, initiated the conversation, and could not recall if Johnston even responded:

Q And this conversation that you had with Mr. Johnston—Do you recall who initiated the conversation?

A I think—Well, if I could describe it—

Q Yes, would you please, Your Honor? That might be of assistance.

A My recollection—Again, the best I can recall—is that we were just passing in the hall; and I said, "Hi, Dan;" and something to the effect, "I guess my decision in that Hall murder case will have an effect on how other cases are tried to judges as opposed to juries." And I don't know whether he even responded. But he did not initiate the conversation. That's my recollection of the sum and substance of the comment.

The record reflects that Johnston did not take any direct or active part in Hall's prosecution, nor was there any ex parte conversation between Judge Critelli and Donald Starr, the assistant county attorney who tried the case.

Judge Critelli was asked at the postconviction hearing if the conversation would have had any effect on his decision assuming the decision had not yet been made at the time the conversation with Johnston took place. Hall's counsel objected to the question, arguing that an attempt to affirm the judge's decision by such extraneous testimony is improper. The objection was overruled, and Judge Critelli responded that, under those assumed facts, the conversation would have had no effect on his decision at all.

After hearing this evidence, the postconviction trial court filed a written decision summarizing the testimony which has been referred to and concluding that:

Every contention made by Petitioner [Hall] for postconviction relief has been considered by this Court and found to be untenable. Petitioner [Hall] has failed to meet his burden of proof.

Although this statement was labeled as a conclusion of law by the postconviction trial court, we believe it is more properly characterized as a finding of fact.[1]

The principles regarding our review in proceedings for postconviction relief were summarized in *Watts v. State,* 257 N.W.2d 70, 71 (Iowa 1977):

Proceedings for postconviction review are special proceedings treated as an action at law triable to the court, and ordinarily in such proceedings our review is not *de novo.* When, as in this case, however, issues as to the violation of constitutional safeguards are raised, we are obliged to make an independent evaluation of the totality of the circumstances shown by the entire record under which rulings on such constitutional rights were made. That is to say, when a constitutional issue is presented, the evidence relative to that issue is reviewed by us *de novo.*

The burden of proof in postconviction relief actions brought under Ch. 663A, The Code, is upon the petitioner, who is

1. Hall apparently agrees with this characterization of the postconviction findings as he states in his brief with respect thereto that "the lower court concluded that Mr. Hall had not proven his claims of judicial and prosecutorial misconduct by the requisite quantum of evidence."

**754**

required to establish the facts asserted by a preponderance of the evidence. (Citations omitted).

With these principles in mind, we examine the record made below to determine whether Hall sustained his burden of proof regarding the claimed denial of due process. We note in this regard that a trial judge must remain impartial in all pending matters and must be careful not to allow extrajudicial considerations to play any part in the decision-making process. We have said that:

> When sitting as a trier of facts, a judge, like a jury, must be careful to exclude all considerations except those *arising from the evidence before him*. Anything less, even if it has no part in the ultimate decision, leaves the unsuccessful litigant convinced he has not had fair treatment. It is almost as important to avoid this *appearance* of unfairness as it is to avoid unfairness itself.

*Miller v. Miller,* 202 N.W.2d 105, 109 (Iowa 1972) (emphasis in original). But we find no suggestion from Hall's evidence in the present case that the judge who was trier of fact at his criminal trial failed to exclude all considerations except those arising from the evidence before him. The comment which forms the basis for Hall's attack against his conviction did not suggest that extraneous matters would weigh or had weighed on the court's decision, but, rather, that the court's decision whatever it might be, would affect the procedural elections which might be made by other litigants in other cases. We find no evidence of any impropriety which would sustain the granting of postconviction relief. In reaching this result, we review the record *de novo* and give no consideration to Judge Critelli's testimony regarding the effect of the challenged statement upon his decision. The postconviction trial court's decision is affirmed.

AFFIRMED.