**STATE of Iowa, Plaintiff–Appellee,**

v.

**Robert A. FLETCHER, Jr.,
Defendant–Appellant.**

No. 95–0930.

Court of Appeals of Iowa.

July 26, 1996.

Linda Del Gallo, State Appellate Defender, until withdrawal and then Robert Tiefenthaler of Carter, Carter & Tiefenthaler, Sioux City, for appellant.

Thomas J. Miller, Attorney General, Karen Doland, Assistant Attorney General, Thomas S. Mullin, County Attorney, and Paul Kittredge, Assistant County Attorney, for appellee.

Heard by SACKETT, C.J., and HABHAB and STREIT, JJ.

SACKETT, Chief Judge.

Defendant Robert Fletcher appeals his conviction of second-degree sexual abuse under Iowa Code sections 709.1(3) and 709.3(2) (1995) and assault under Iowa Code sections 708.1 and 708.2(4) (1995) by a bench trial. Defendant contends: (1) the State failed to introduce substantial evidence to prove him guilty of second-degree sexual abuse and assault; (2) he was wrongfully detained prior to trial because he was unable to post bail and this detention kept him from assisting in his own defense; and (3) his trial counsel was not competent. We affirm.

Defendant told Sioux City police he believed neighbor children were sexually abusing his stepchildren. When interviewed by investigators at Marian Health Child Protection Center, defendant's stepdaughter claimed defendant sexually abused her. Defendant admitted to the police his hands touched his stepdaughter in the vaginal area. Defendant's stepson told the investigators about an incident when defendant allegedly threw him on the floor and attempted to remove his shirt.

Defendant was charged with second-degree sexual abuse of his stepdaughter and assault with intent to commit sexual abuse of his stepson. Defendant pleaded not guilty. Defendant waived his right to a speedy trial and his right to a jury trial.

Defendant contends there was not substantial evidence to support his conviction. We will uphold a verdict if it is supported by substantial evidence. *State v. Smith,* 508 N.W.2d 101, 102 (Iowa App.1993)(citing *State v. LeGear,* 346 N.W.2d 21, 23 (Iowa 1984)); *see also State v. Hall,* 287 N.W.2d 564, 565 (Iowa 1980). Substantial evidence exists if it convinces a "rational trier of fact the defendant is guilty of the crime charged beyond a reasonable doubt." *Hall,* 287 N.W.2d at 565.

We consider all of the trial evidence, not solely evidence sustaining guilt. *Smith,* 508 N.W.2d at 102 (citing *State v. Robinson,* 288 N.W.2d 337, 340 (Iowa 1980)). The evidence, including inferences and presumptions which may fairly be deduced from the record, is viewed in the light most favorable to the State. *Smith,* 508 N.W.2d at 102 (citing *State v. Bass,* 349 N.W.2d 498, 500 (Iowa 1984)).

Defendant was convicted of sexual abuse of a child in violation of Iowa Code section 709.1(3) which defines sexual abuse as "any sex act" with a child. Under section 702.17, "sex act" includes "contact between the finger or hand of one person and the genitalia or anus of another." In particular, defendant was convicted of second-degree sexual abuse under section 709.3(2) (sexual abuse of someone under twelve years old).

Defendant contends an inconsistency in the evidence exists because his stepdaughter claimed the incident occurred when the two were playing with the dog and later she said it happened when defendant asked her to sit on his lap. In addition, defendant criticizes the police investigation. He implies the stepdaughter's story is fabricated due to the long delay from the time of the abuse incident to the time of the police investigation which resulted from defendant's concerns that neighbor children were abusing his stepchildren.

Defendant relies on *State v. Smith,* 508 N.W.2d 101 (Iowa App.1993), where this court found inconsistent and self-contradictory testimony of alleged sexual abuse victims was not sufficient to sustain the defendant's conviction of sexual abuse of his stepchildren. In *Smith,* we found the alleged abuse accounts were "inconsistent, self-contradictory, lacking in experiential detail, and at times, border(ed) on the absurd." *Id.* at 103. Also, the alleged victim in *Smith* could not provide details about the abuse incidents and often answered with "probably." *Id.* at 104.

Defendant told police he had touched his stepdaughter in the vaginal area with his hands. Also, when shown a diagram, the stepdaughter pointed to the vaginal area to show where the touch occurred. Since the

stepdaughter was under the age of twelve at the time of the incident, this touching constitutes a "sex act" in violation of Iowa Code section 709.3(2) (second degree sexual abuse).

Here, the victims' testimony is not as inconsistent or self-contradictory as the victim's testimony in *Smith*. *Smith*, 508 N.W.2d at 103–04. Thus, we do not find *Smith* persuasive. *Id*. Instead, when viewed in the light most favorable to the State, we find sufficient evidence to support the conviction of second-degree sexual abuse.

In addition to sexual abuse, defendant was charged with intent to commit sexual abuse in violation of Iowa Code section 709.11 for the incident involving his stepson. The district court convicted defendant of the lesser-included offense of assault under Iowa Code sections 708.1 and 708.2(4). Under section 708.1, an assault occurs when a person unjustifiably performs any act intended to cause pain or injury or intended to result in insulting or offensive physical contact to another, and the person has the apparent ability to perform such an act.

■ Defendant argues no witness testified to whether the act was intended to cause pain or injury or result in offensive conduct with his stepson. Defendant contends the incident was merely a playful act between a child and a parent figure and lacks criminal relevance. Yet, both of defendant's stepchildren testified otherwise.

The stepson testified that while in his living room, defendant threw him down on the floor and tried to take off his shirt. The stepson testified defendant stopped when defendant's stepdaughter entered the room. The stepdaughter's testimony confirms the stepson's story; she entered the room and found the stepson crying on the floor.

We agree with the State that defendant's act of throwing his stepson to the floor and trying to remove the child's shirt constituted an act intended to cause pain or to result in offensive contact. In addition, defendant possessed the apparent ability to perform such an act. Thus, when considering all of the evidence in a light most favorable to the State, we find sufficient evidence to uphold defendant's conviction of assault.

■ Defendant next claims he was wrongfully detained prior to his trial. He contends he should have been released on his own recognizance because he did not pose a flight risk. The judge set bail at $25,000. Defendant was declared indigent, and his court-appointed counsel requested a bond reduction hearing where the judge reduced bail to ten percent of $25,000 (or $2500). Defendant interprets Iowa Code section 811.1 as mandating his pre-trial release on his own recognizance because it states "all defendants are bailable." We disagree.

Under section 811.1, all defendants are bailable either by condition *or* on their own recognizance (emphasis added). The code does not command release on one's recognizance. The district court properly mandated conditions to his release. We affirm on this issue.

■ Defendant next argues because of his pre-trial detention he was denied the opportunity to prepare a defense. Defendant contends the pre-trial detention denied him access to witnesses and restricted his communication with his court-appointed counsel.

■ The State contends the bail issue is moot unless defendant shows the trial court erroneously denied bail which prejudiced his trial preparation. We agree. *See State v. Beyer*, 258 N.W.2d 353, 356 (Iowa 1977). Defendant received credit for his pre-trial detention against his sentence for second-degree sexual abuse and assault. Thus, he cannot show prejudice on the bail issue unless he demonstrates prejudice regarding his trial preparation.

The State argues defendant's imprisonment did not deny him access to his counsel and did not necessarily prejudice him. *See State v. Kimball*, 203 N.W.2d 296, 299 (Iowa 1972) (citing *Kime v. Brewer*, 182 N.W.2d 154, 156 (Iowa 1970)).

■ The question is whether defendant's trial attorney had a reasonable opportunity to *execute* his tasks when evaluating defendant's claim of lack of access to counsel. *Brewer*, 182 N.W.2d at 156 (emphasis added). The record reveals defendant's trial counsel visited defendant in jail at least seven times.

Thus, we agree with the State defendant has not shown lack of access to his trial counsel.

Defendant complains his trial counsel was not effective. Defendant argues his ineffective counsel denied him a fair trial by failing to perform essential duties in not obtaining defendant's pre-trial release, allowing defendant to waive a speedy trial, and permitting defendant to waive a trial by jury. Additionally, defendant claims his counsel failed by not presenting evidence such as: (1) medical evidence showing no signs of objective indicators of sexual abuse of his stepdaughter; (2) defendant's voluntary cooperation with the police; (3) the improbability of the stepdaughter's complaint to her grandmother; (4) the lack of any conduct demonstrating defendant's concealment of the alleged criminal behavior; and (5) the State's failure to call any corroborative witnesses.

■ We review claims of ineffective counsel de novo and consider all of the relevant circumstances. *State v. Risdal,* 404 N.W.2d 130, 131 (Iowa 1987). We presume representation is competent until the defendant proves otherwise by a preponderance of the evidence. *Dunbar v. State,* 515 N.W.2d 12, 15 (Iowa 1994).

■ The person claiming ineffective counsel must show: (1) trial counsel failed to perform an essential duty; and (2) prejudice resulted. *Risdal,* 404 N.W.2d at 131–32. In particular, defendant must specifically state how counsel performed inadequately and demonstrate how the result would have changed with competent counsel. *Dunbar,* 515 N.W.2d at 15 (citing *Schertz v. State,* 380 N.W.2d 404, 412 (Iowa 1985) and *State v. Kendall,* 167 N.W.2d 909, 911 (Iowa 1969)). We will evaluate counsel's performance by determining whether it falls within the range of normal competency. *State v. Newman,* 326 N.W.2d 788, 794 (Iowa 1982)(citing *Sallis v. Rhoads,* 325 N.W.2d 121, 123 (Iowa 1982) and *Snethen v. State,* 308 N.W.2d 11, 14 (Iowa 1981)).

The State claims defendant received competent counsel and failed to show prejudice. The State maintains defendant's counsel successfully applied for and received pre-trial bond reduction. Also, the State contends:

(1) defendant's attorney kept a videotape of defendant's admissions during a police interview out of trial evidence; (2) defendant knowingly and voluntarily waived his right to a jury trial and a speedy trial; (3) defendant's counsel effectively presented evidence; and (4) defendant's counsel motioned for a new trial.

The record does not reveal why defendant's attorney failed to call other witnesses or to make objections to the State's leading witnesses during the trial or engage in pretrial discovery. We reserve to defendant the right to raise these claims in postconviction proceedings.

**AFFIRMED.**