# IN THE COURT OF APPEALS OF IOWA

No. 15-1292
Filed September 14, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRADLEY J. QUALLS,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Muscatine County, Gary P. Strausser, District Associate Judge.

Bradley Qualls appeals his conviction for invasion of privacy claiming insufficient evidence and further alleges the trial court abused its discretion in denying his request for deferred judgment. **AFFIRMED.**

Kent A. Simmons, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, and Elisabeth Reynoldson, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

Bradley Qualls appeals from his conviction of invasion of privacy, in violation of Iowa Code section 709.21 (2013). Qualls asserts there is insufficient evidence to uphold his conviction and requests this court reverse his conviction for entry of acquittal. He further avers the trial court abused its discretion by denying his request for deferred judgment. We affirm.

**I. Background Facts and Proceedings**

Bradley Qualls was charged by trial information with invasion of privacy—nudity, a serious misdemeanor. The complaining witness is an adult relative of Qualls's wife.

In the spring of 2014, the complaining witness went to Qualls's home to use a basement shower, as the shower at the complaining witness's home was inoperable. While she showered, Qualls admitted to recording her using a cell phone camera while standing in a bathroom directly above the basement shower. Qualls removed a floor vent above the basement shower and pried a hole in the floor that gave him an unobstructed view into the shower below.

Qualls then placed the cell phone over the hole to record the complaining witness. During the seven-plus-minute recording, the camera is positioned and re-positioned so the complaining witness is always in the camera's frame. Qualls contends that he did not watch as the camera was recording but does admit that he knew the camera was recording. The video, recorded without any audio, concluded at the exact time the complaining witness exited the camera's frame after finishing her shower and drying off.

Qualls's wife found the unfamiliar cell phone in the laundry room of her home. Believing that her husband may be having an affair, she contacted the complaining witness for help accessing the information stored on the phone. It was later discovered to contain the recording of the complaining witness showering.

Qualls immediately admitted to recording the video and apologized to the complaining witness. He blamed his actions on some traumatic events of his childhood along with the "demons" inside him.

The major issue in this case was not whether Qualls recorded the video, as that was undisputed; it was whether Qualls recorded it for sexual arousal or gratification, or to exact revenge on the complaining witness.

Qualls asserts that he and the complaining witness have a troubled past. He recalled the complaining witness and his wife frequently arguing and the complaining witness would call the wife names. Further, he stated the complaining victim had previously wrecked his classic car and never attempted or offered to reimburse him for his loss. He also remembered an incident where the complaining witness walked in on him when he was not dressed.

At his bench trial, Qualls testified and presented testimony from a licensed mental-health counselor who, at the time of trial, had conducted twenty-three sessions with Qualls during the preceding year. Her testimony indicated that Qualls had suffered traumatic events during his childhood and had a mindset that he was powerless to control the people who hurt him. She testified Qualls had been diagnosed with generalized anxiety disorder, obsessive compulsive

disorder, and alcohol dependence in remission. The counselor also indicated that Qualls exhibited remorse for having recorded the complaining witness.

Additionally, she testified that Qualls had been affected by past incidents involving himself, his wife, and the complaining witness. She opined that Qualls felt humiliated by the complaining witness and the past incidents, and that he wanted to "balance" things out with her; the recording of the complaining witness in the shower was a means of "settling the score."

The counselor further testified that, in her opinion, Qualls did not record the video for sexual purposes but rather because the complaining witness was in a vulnerable state. She stated that she did not believe Qualls had predatory inclinations, nor that he was sexually deviant. In its bench trial verdict, the court made a credibility finding against Qualls and did not mention the counselor's testimony.

At the sentencing hearing, Qualls requested deferred judgment; however, the court sentenced Qualls to 180 days in jail—150 days of which were suspended. The court also imposed a fine and indicated Qualls would be required to register as a sex offender. His request for work release during the jail portion of the sentence was granted.

Qualls appeals.

## II. Discussion

### A. Sufficiency of the Evidence

Qualls contends the trial court should not have found him guilty because there was insufficient evidence of sexual motivation, and as such, the conviction should be reversed for entry of acquittal. Specifically, Qualls argues that his

conviction cannot stand because the evidence presented did not prove the element of sexual purpose. Section 709.21 provides:

> Any person who knowingly views, photographs, or films another person, *for the purpose of arousing or gratifying the sexual desire of any person*, commits invasion of privacy if all of the following apply:
> a. The other person does not have knowledge about and does not consent or is unable to consent to being viewed, photographed, or filmed.
> b. The other person is in a state of full or partial nudity.
> c. The other person has a reasonable expectation of privacy while in a state of full or partial nudity.

(Emphasis added.)

"Challenges to the sufficiency of evidence are reviewed for errors at law." *State v. Keopasaeuth*, 645 N.W.2d 637, 639-40 (Iowa 2002). In so doing "[w]e consider all of the record evidence viewed in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence." *State v. Howse*, 875 N.W.2d 684, 688 (Iowa 2016) (citation omitted). "We will uphold a verdict if substantial record evidence supports it." *Id.* (citation omitted). "Evidence is substantial when 'a rational trier of fact could conceivably find the defendant guilty beyond a reasonable doubt.'" *Id.* (citation omitted). If the "evidence only raises 'suspicion, speculation, or conjecture,' it is not substantial evidence." *Id.* (citation omitted). In criminal cases tried to the court, the court's findings of fact have the force and same effect as a special jury verdict. *See State v. Hall*, 287 N.W.2d 564, 565 (Iowa 1980).

Qualls stipulates that he recorded the video while the complaining witness was showering, where she would have expected privacy. He admits to knowing she was unaware of the recording and that she had not consented to being

recorded. However, he contends that he did not record her for sexual arousal or gratification but rather did so in an attempt to exact revenge for past occurrences between the two. In finding Qualls had a sexual motivation, the district court relied on the circumstances upon which Qualls observed the complaining witness during the recording—the fact he adjusted the phone so that the camera could capture a better picture—continued the recording for seven minutes, the elaborate lengths Qualls went in order to prevent disclosure. The court made explicit credibility findings against Qualls. The court did not mention in its verdict the testimony of Qualls's counselor, who described Qualls's feelings of helplessness and humiliation as a motivation for his actions. The rule does not require the judge to discuss every witness in making its detailed findings of fact. *See* Iowa Code § 2.23(3)(d) (2013) .

When reviewing the evidence in the light most favorable to the State, a factfinder could reasonably conclude Qualls recorded the victim for sexual arousal and gratification. "Intent is a matter that is seldom capable of direct proof. Consequently, we have recognized that a trier of fact may infer intent from the normal consequences of one's actions." *State v. Evans*, 672 N.W.2d 328, 330 (Iowa 2003). The evidence presented from the recording itself show that Qualls did not simply record a snippet of the complaining witness in the shower; the recording exceeded seven minutes and indicated that Qualls was maneuvering the camera during the recording to maximize the view of the complaining witness. Qualls did not stop recording until she was no longer visible from the first-floor bathroom vent. The evidence is sufficient to prove intent, notwithstanding the testimony of Qualls or the counselor. To the extent

the counselor's testimony was based on the statements Qualls made to her, as argued by the State, the court's credibility finding against Qualls applies to that testimony as well. We are satisfied the verdict is sufficiently detailed and there is sufficient evidence to uphold Qualls's conviction.

### B. Abuse of Discretion in Sentencing

Qualls next argues the trial court abused its discretion by denying deferred judgment using only one essential factor. At sentencing, Qualls requested deferred judgment; however, the court sentenced him to 180 days in jail with all but thirty days suspended. Qualls will also be required to register as a sex offender. *See* Iowa Code § 692A.113 (2013).

We review sentencing decisions for abuse of discretion. *State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003) (citing *State v. Laffey*, 600 N.W.2d 57, 62 (Iowa 1999)). "An abuse of discretion is found when the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *Id.* We consider "all pertinent matters when determining a sentence including the nature of the offense, the attending circumstances, defendant's age, character, propensities, and chances of his reform. *Id.* "Sentencing decisions of the district court are cloaked with a strong presumption in their favor." *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996).

A sentencing court must exercise its discretion without application of a personal, inflexible policy relating only to one consideration. *State v. Hildebrand*, 280 N.W.2d 393, 397 (Iowa 1979). In doing so, [t]he sentencing court should engage in an independent consideration in each case, and reject the use of fixed policies. *State v. Hager*, 630 N.W.2d 828, 834 (Iowa 2001). If the court focuses

on only one factor or has a policy against considering any factor, the court has abused its discretion. *See Hildebrand*, 280 N.W.2d at 396.

Here, we do not find that the court focused on one sole factor in sentencing. At sentencing, the court explained why it imposed the sentence it did. First, the court recognized that both the State and defense counsel called to its attention prior similar cases before the court. The court acknowledged those cases and mentioned that each prior case's final disposition was expected to be different than other cases given that "each case stands on its own either merit or lack thereof." The court further explained that one reason for its rejecting the request for deferred judgment was due to the manner in which Qualls committed the crime. The court focused on the level of trust that existed between Qualls and the complaining witness, the type of relationship the two had prior to this incident, and the high level of vulnerability of the complaining witness.

The court further stated Qualls's method of committing the crime also justified the denial of deferred judgment. The court described Qualls's decision to record the complaining witness for over seven minutes and the calculated movements of the camera by Qualls justified the imposed sentence. The court also stated that it had concerns that Qualls may reoffend in a similar crime in the future.

The court did explain that it considered both longer and shorter sentences than that which was imposed. However, the court opted for the shorter sentence because Qualls had a job and had no criminal history. The court considered these factors and took them into account when granting Qualls's request for work release. Furthermore, the court imposed a sentence within the statutory limit.

*See* Iowa Code § 903.1(1)(b) ("For a serious misdemeanor, there shall be a fine of at least three hundred fifteen dollars . . . . In addition, the court may also order imprisonment not to exceed one year.").

A court "is generally not required to give its reasons for rejecting particular sentencing options." *Thomas*, 547 N.W.2d at 225 (citing *State v. Loyd*, 530 N.W.2d 708, 713-14 (Iowa 1995)). The court need only "state on the record its reason for selecting the particular sentence." Iowa Code § 2.23(3)(d).

We do not find the court's imposition of judgment on Qualls to be clearly unreasonable or based upon untenable grounds. We find that the sentence imposed and the denial of deferred judgment were acceptable exercises of the court's discretion *See State v. Formano*, 638 N.W.2d 720, 725 (Iowa 2002) (stating the appellate court's "task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds").

For the foregoing reasons, we affirm.

**AFFIRMED.**