# IN THE COURT OF APPEALS OF IOWA

No. 19-0934
Filed April 14, 2021

**ELIZA MONTGOMERY WALKER,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Sarah Crane, Judge.

The petitioner appeals the district court decision denying her request for postconviction relief. **AFFIRMED.**

Susan R. Stockdale, Ankeny, for appellant.

Thomas J. Miller, Attorney General, and William A. Hill, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., Greer, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**DANILSON, Senior Judge.**

Eliza Walker appeals the district court decision denying her request for postconviction relief (PCR). She has not shown she was prejudiced by the conduct of parole counsel and, therefore, is unable to show she received ineffective assistance of counsel. We affirm the district court's decision.

Walker was sent to jail in July 2017 on charges of second-degree theft and identity theft. She was on parole at the time of the charges. Walker filed pro se requests for a bond reduction hearing. The district court did not consider her requests, stating it would only consider motions filed by counsel. Walker's parole counsel filed a request for a bond reduction hearing on November 17. The request was denied by the court.

Walker pled guilty to the charges of second-degree theft and identity theft. Her parole was revoked on December 18 due to these convictions.

On July 3, 2018, Walker filed a PCR application. She claimed she received ineffective assistance from her parole counsel because counsel did not request a bond reduction hearing in a more timely manner. The district court denied the PCR application, finding:

> Walker has not identified any essential duty counsel failed to perform relating to the desire to be released from jail pending the determination on the parole revocation. Counsel did file a motion for a bond hearing, which was denied. In addition, Walker has not identified any prejudice resulting from counsel's representation.

Walker appeals the court's decision.

Walker claims she received ineffective assistance from her parole counsel. She contends that parole counsel should have filed a motion for a bond reduction hearing much sooner. Walker contends that she wanted to be released from jail

in order to address physical- and mental-health issues. She claims she was prejudiced, as the bond reduction request might have been granted if it was made earlier. She asserts that her request for bond reduction was denied because the parole revocation was less than a month away.

In order to show ineffective assistance of counsel, Walker would need to show "(1) [her] trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *See State v. Boothby*, 951 N.W.2d 859, 863 (Iowa 2020) (citation omitted). Claims of ineffective assistance of counsel are reviewed de novo. *State v. Waigand*, 953 N.W.2d 689, 694 (Iowa 2021).

A claim of ineffective assistance may be denied if either prong has not been shown. *Boothby*, 951 N.W.2d at 863. In order to show prejudice, an applicant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Ledezma v. State*, 626 N.W.2d 134, 143 (Iowa 2001) (citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (citation omitted).

In this case, the revocation of Walker's parole was automatic after she was convicted and sentenced for second-degree theft and identity theft. *See* Iowa Code § 908.10 (2017); *Rhiner v. State*, 703 N.W.2d 174, 179 (Iowa 2005) (noting there is a statutory mandate for revocation after sentencing for a new offense). Because of this, she is unable to show the result of the proceeding—revocation of her parole—would have been different if she had been granted a bond reduction hearing earlier. Walker also has not established that trial preparation was affected or that she was denied credit for time served while unable to post bail. *See State*

*v. Beyer*, 258 N.W.2d 353, 356 (Iowa 1977) (finding an issue is moot unless trial preparation is hindered); *State v. Fletcher*, 554 N.W.2d 568, 570 (Iowa Ct. App. 1996).  Thus, Walker cannot show she was prejudiced by the conduct of parole counsel.

Moreover, we note Walker was granted a hearing with counsel on September 28, 2018, on her motion for an emergency hearing.  Relief was denied, and the district court instructed Walker to address the issue of medical care through prison administrative procedures where she was being held.

We conclude Walker did not meet her burden to show she received ineffective assistance of counsel.  We affirm the decision of the district court.

**AFFIRMED.**