**STATE of Iowa, Plaintiff-Appellee,**

v.

**Doney HOWARD, Jr.,
Defendant-Appellant.**

No. 86–1182.

Court of Appeals of Iowa.

Feb. 25, 1987.

Charles L. Harrington, Appellate Defender, and Linda Del Gallo, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Christie J. Scase, Asst. Atty. Gen., and Michael W. Buckner, Asst. Black Hawk Co. Atty., for plaintiff-appellee.

Considered by DONIELSON, P.J., and SNELL and SCHLEGEL, JJ.

SNELL, Judge.

On November 25, 1985, the appellant, Doney Howard, Jr., was charged by trial information with burglary in the second degree. By amended and supplemental trial information filed on March 18, 1986, he was also charged with being an habitual offender. Howard waived jury trial, and trial to the court commenced on April 10, 1986. On April 14, 1986, the court found Howard guilty as charged. Howard stipulated to the habitual offender allegations and, on July 25, 1986, was sentenced to an indeterminate term of incarceration not to exceed fifteen years. This appeal followed. Our review is limited to the correction of errors at law. Iowa R.App.P. 4.

Howard poses a single issue for our review. He contends the evidence produced at trial was insufficient as a matter of law to support the court's verdict. The principles which guide our review of the sufficiency of the evidence were outlined in *State v. McFadden*, 320 N.W.2d 608, 614 (Iowa 1982), as follows:

[T]he evidence is viewed in the light most favorable to the State; that all of the evidence must be considered, and not just that which supports the verdict; that the verdict must be upheld if supported by substantial evidence; and that substantial evidence means such evidence as could convince a rational trier of fact that the defendant is guilty beyond a reasonable doubt.

In addition, we allow the State all legitimate inferences and presumptions which may fairly and reasonably be deduced from the record evidence. *State v. Blair*, 347 N.W.2d 416, 419 (Iowa 1984). Direct and circumstantial evidence are equally probative in our analysis. *State v. Duncan*, 312 N.W.2d 519, 522 (Iowa 1981); *see State v. O'Connell*, 275 N.W.2d 197, 204–05 (Iowa 1979). These principles apply to review of verdicts following trial to the court, as well as to jury verdicts. *See State v. Miles*, 346 N.W.2d 517, 519–20 (Iowa 1984).

The evidence in the case at bar, when viewed in the light most favorable to the State, establishes the following set of facts. At approximately 12:56 a.m. on November 22, 1985, a silent alarm system alerted the police that the New Kirk Sales Company building in Waterloo had been entered. Upon arriving at the scene, the officers discovered that a rear window had been broken, the office ransacked, and the manager's desk broken into. They later learned that a small amount of cash had been stolen. There were two to four inches of fresh snow on the ground. Two sets of footprints led up to the broken window, then away from the window to a nearby storage shed. There, a stack of papers, which included New Kirk Sales Company payroll documents, was found partially buried in the snow. No other footprints were observed which led to either the front or the rear of the building. The two sets of footprints were followed by police officers away from the shed southwesterly past some railroad tracks, over a fence, through a field, down Burton Avenue, through Water Works Park, southerly through some alleys, and onto Dawson Street. The distance traveled was

one and one-half to two and one-half miles. There were no other footprints in the area and the officers never lost sight of the tracks. The spacing of the footprints disclosed that the persons making them were, at times, running. One of the sets of footprints was made by a shoe or boot with a distinctive "v"-shaped tread. While still following the footprints, officers saw two persons in dark clothing running from an alley. These two persons, Howard and his brother, were intercepted and arrested. Both men were breathing heavily and perspiring when stopped. Both were wearing gloves and carrying a flashlight. Howard's brother was carrying $74.45 in cash and wore boots with a distinctive "v"-shaped tread.

▮ In order to convict him of burglary in the second degree, the State was required to prove beyond a reasonable doubt that Howard, having the intent to commit a theft therein, broke into an occu-pied structure, having no right, license, or privilege to do so. Iowa Code §§ 713.1, 713.5 (1985). The element of intent may be shown by circumstantial evidence. *State v. Delay*, 320 N.W.2d 831, 835 (Iowa 1982). The fact finder may determine intent by such reasonable inferences and deductions as may be drawn from facts proved by evidence in accordance with common experience and observation. *State v. Serr*, 322 N.W.2d 96, 101 (Iowa Ct.App.1982). We think the evidence sufficient to support the district court's finding that the State met its burden of proving these elements. Accordingly, we affirm the district court.

AFFIRMED.