STATE of Iowa, Appellee,

v.

Joseph R. LaPOINTE, Appellant.

No. 87–112.

Supreme Court of Iowa.

Jan. 20, 1988.

Lawrence F. Scalise of Scalise, Scism, Sandre & Uhl, Des Moines, and James P. McGuire of McGuire & O'Bryan, Mason City, for appellant.

Thomas J. Miller, Atty. Gen., Richard J. Bennett and Harold Young, Asst. Attys. Gen., for appellee.

Considered by LARSON, P.J., and SCHULTZ, CARTER, LAVORATO, and NEUMAN, JJ.

SCHULTZ, Justice.

This appeal grows out of events surrounding an altercation between the defendant Joseph R. LaPointe and his girlfriend R.N. on February 21, 1986. Defendant was indicted and tried on four criminal charges. Following a trial to the court, defendant was acquitted of two of the charges and was convicted and sentenced for a lesser and included offense of assault causing bodily injury in violation of Iowa Code section 708.2(2) (1985), a serious misdemeanor, and tampering with a witness in violation of Iowa Code section 720.4, an aggravated misdemeanor. Defendant appeals from his conviction for tampering with a witness.

The altercation occurred at defendant's home after he and R.N. returned from a party. They had been arguing and defend-ant struck her, causing a cut above her eyebrow. Defendant offered to take her to the hospital, however, she chose to leave alone and drove to a local bar. From there, a friend and two policemen took her to the hospital where she received six stitches. The police then took her to the station for a report of the altercation, although no charges were filed at that time.

The next day defendant called R.N. on the telephone and inquired of her condition. Defendant offered to make restitution for her damages and advised her to see an attorney. Defendant, an attorney, estimated that her damages, including pain and suffering, would be $10,000. When R.N. expressed concern that defendant did not have this sum, he told her he would borrow the money if necessary. She did not want him to borrow the money and defendant suggested that he make monthly payments. Defendant asked whether she intended to press charges and was told that she had not talked with the police and did not intend to press charges. He asked forgiveness and told her he wanted to see her.

Within three weeks after the altercation, defendant and his girlfriend resumed the previous pattern of their long-time relationship. This included reciprocal phone calls on a daily basis and sexual relations three to four times a week at his home.

Approximately one week after the altercation, charges were filed against defendant for assault. A grand jury was scheduled to meet on May 6 and R.N. was subpoenaed to testify. Several days before she was supposed to testify she received a typed memorandum from defendant which was prefaced "... (R.N.), these are the most important things to remember." The memorandum consisted of sixteen items concerning the events surrounding the assault. At trial, R.N. testified that much of the information contained in the memorandum was not true. She also testified that prior to her testimony she talked extensively with the defendant about the information contained in the memorandum. The evidence indicates that the memorandum may have been prepared at R.N.'s request because she was having trouble remember-

ing what happened the night of the assault. R.N. testified that defendant did not tell her to lie to the grand jury.

Defendant was eventually charged with four counts, including tampering with a witness, Iowa Code § 720.4. He now contends that the trial court erred in failing to sustain his motion for acquittal on the count of tampering with a witness. He also urges that the evidence was insufficient to support his conviction on the charge of tampering with a witness as a matter of law. As these claims raise similar issues, we shall limit our consideration to whether there is sufficient evidence to sustain the conviction.

■ I. *Review.* Certain principles govern our review. The scope of our review on a defendant's appeal from a criminal conviction is the same whether the court or a jury is the fact finder. *State v. Hall,* 287 N.W.2d 564, 565 (Iowa 1980). In reviewing the finding of guilt, this court views the evidence in a light most favorable to the State. *Id.* The court's finding of guilt is binding upon this court unless there is not substantial evidence in the record to support it or such finding is clearly against the weight of the evidence. *State v. Schrier,* 300 N.W.2d 305, 306 (Iowa 1981). Substantial evidence means such evidence as could convince a rational trier of fact that the defendant is guilty of the crime charged beyond a reasonable doubt. *Id.* It is sufficient to raise a fair inference of guilt as to each essential element of the crime although the evidence must do more than raise suspicion, speculation, or conjecture. *State v. Williams,* 179 N.W.2d 756, 758 (Iowa 1970). We now turn to the offense charged and the proof required for conviction.

II. *Nature of offense.* Tampering with a witness is prohibited by Iowa Code section 720.4, which provides:

A person who offers any bribe to any person who the offeror believes has been or may be summoned as a witness or juror in any judicial or arbitration proceeding, or any legislative hearing, or who makes any threats toward such person or who forcibly or fraudulently detains or restrains such person, with the intent to improperly influence such witness or juror with respect to the witness' or juror's testimony or decision in such case, or to prevent such person from testifying or serving in such case, or who, in retaliation for anything lawfully done by any witness or juror in any case, harasses such witness or juror, commits an aggravated misdemeanor.

This statute provides three separate methods of committing the offense: (1) offering a bribe, (2) making threats or forcibly or fraudulently detaining or restraining, or (3) harassing in retaliation. In this case the indictment for tampering specified that defendant offered a bribe to and harassed R.N. We examine the elements and the sufficiency of the evidence in regards to each of these two methods.

■ III. *Tampering by bribe.* Tampering with a witness by offering a bribe requires the State to prove three elements. The State must prove that defendant (1) offered any bribe, (2) to a person who the defendant believes has been or may be summoned as a witness in a judicial proceeding, (3) with the intent to "improperly influence" the witness' testimony. *See State v. Halleck,* 308 N.W.2d 56, 58 (Iowa 1981).

The trial court found that the State established each of these elements. As proof of a bribe, the trial court relied on the February 22 telephone conversation during which defendant offered R.N. money. In considering the second element, the court acknowledged that on that date "defendant did not have reason to know that ... (R.N.) would be called as a witness," but concluded that defendant, as an attorney, "must surely have been aware that criminal charges could be commenced against him even if ... (R.N.) chose not to press charges." As to the third element, the court noted the size of the settlement offer and concluded "that this money was offered either to deter ... (R.N.) from pressing charges or to influence any testimony that was to be given in the future."

■ Defendant challenges the trial court's finding on each element. We con-

clude that the evidence was not sufficient to prove beyond a reasonable doubt that defendant believed R.N. was going to be called as a witness, or that his offer of money was made with the intent proscribed by section 720.4.

Section 720.4 requires proof of an intent to improperly influence a witness' testimony. Proof that money was offered with the intent to deter a victim from signing a complaint or causing a criminal complaint to be filed does not satisfy section 720.4. While offering money to deter a victim from pursuing criminal charges may, in some instances be improper, it simply is not prohibited by the express terms of section 720.4. Consequently, the trial court erred in considering an intent to deter the victim from pressing charges as an alternative to an intent to influence a witness' testimony.

We conclude that under a proper understanding of the statute the evidence is not sufficient to prove that the February 22 offer of money was made with an intent to improperly influence R.N.'s testimony. In addition, the evidence is not sufficient to prove that at the time of this offer defendant believed that R.N. had been or was going to be called as a witness against him, even though charges were subsequently filed and R.N. was later called to testify before a grand jury.

The record does not indicate that money was ever discussed by defendant and R.N. after the February 22 phone call. The only direct evidence that defendant ever intended to improperly influence R.N.'s testimony involved the two page memorandum he prepared before her grand jury testimony. At trial, R.N. testified that part of the memorandum was true and part of it was not true. She stated that defendant did not ask her to lie to the grand jury, but rather told her to tell the truth. This evidence is not sufficient to prove that defendant had an intent to improperly influence her testimony when he offered to pay her damages months earlier.

The State argues that the offer of money on February 22 must have been made with an improper intent because, as an offer of restitution, it was excessive. At best, this is a strained inference. It is undisputed that defendant was troubled by his act of assault on his lover. At most, the evidence supports an inference that the settlement offer was intended to repair the relationship or to discourage her from filing criminal charges. This does not satisfy the intent element of section 720.4.

Closely related to the intent element is the requirement of proof that the bribe be made to a person the defendant believes "has been or may be summoned as a witness." Iowa Code § 720.4. The trial court found that at the time of the February 22 phone call, defendant knew that R.N. had talked to the police. Therefore, it concluded that, as an attorney, defendant must have been aware that charges could be filed against him even without R.N.'s consent. There is no evidence whatsoever in the record to support a finding that defendant knew that this matter had been reported to the police or that it was under investigation at the time money was offered by defendant. The undisputed evidence is that R.N. told defendant that she had not and would not file a complaint. Consequently, it would be speculation and conjecture to find that defendant knew or should have known on February 22 that there would be a criminal proceedings commenced against him in which R.N. would appear as a witness. A conviction of tampering with a witness by bribery must be reversed.

IV. *Harassment.* The trial court also found defendant guilty under the third method of tampering with a witness provided by section 720.4, harassing in retaliation. The elements the State must prove to establish this method of tampering are that defendant, (1) "in retaliation for anything lawfully done" by a "witness" in a "case," (2) "harassed such witness."

■ The trial court found harassment because the defendant continued the relationship with R.N. and continued to discuss the assault with her after learning she was to testify before the grand jury. The court stated that defendant should have ceased all discussions with R.N. after learning she was to testify but "(i)nstead, he continued

their sexual relationship, engaged in numerous discussions with ... (R.N.) about her recollections and allowed and encouraged her to discuss the matter with members of his family." The court found that such acts constituted harassment and were done in retaliation for (1) her lawful act of signing a statement for the police on the night of the incident, and (2) her act of testifying before the grand jury. Without deciding whether these acts satisfy the harassment element, we hold that there is insufficient evidence that these acts occurred in retaliation for anything done while R.N. was a witness.

A. *Statement.* The court found that defendant harassed R.N. in retaliation "for her act of signing a statement." Apparently, the court was referring to the statement she gave the police on the night of the incident. We conclude, however, that R.N. was not a "witness ... in any case" under section 720.4 when she made her statement to the police.

 The term "witness ... in any case" is not defined in section 720.4 or the criminal code chapter on "Definitions," Iowa Code chapter 702. However, the statute itself provides some guidance. The portion of the statute dealing with tampering by bribery requires proof that a bribe was made to a person who the offeror believes "has been or may be *summoned* as a witness." Iowa Code § 720.4 (emphasis added). A "summon" is an official command to appear in court. *See* Black's Law Dictionary 1604 (rev. 4th ed. 1968). In addition, the term "witness ... in any *case*" used in the harassment portion of section 720.4 indicates involvement in some type of official proceeding. We conclude that the term "witness ... in any case" does not include a person who merely reports an incident to the police or makes a statement. Under the facts of this case, R.N. was not a "witness ... in any case" when she made her statement to the police on the night of the assault. Any acts of harassment in retaliation for R.N. giving a statement on the night of the assault do not violate this section.

B. *Grand Jury Testimony.* Tampering with a witness by harassment requires proof of harassment "in retaliation for anything lawfully done" by a witness. Iowa Code § 720.4. "Retaliate" means to repay or return like for like. Webster's New Collegiate Dictionary 980 (8th ed. 1981). However, the context in which the term is used helps us to discern its meaning. For example, the proscribed harassment is that which is done in retaliation for anything lawfully done. Consequently, the "anything lawfully done" by a witness must take place before the harassment occurs.

In the present case the alleged acts of harassment occurred before R.N.'s grand jury testimony. Therefore, the acts cannot possibly be in retaliation for that testimony. Under the harassment method of tampering with a witness, the acts of harassment must be in retaliation for testimony and not in anticipation of testimony. Iowa Code § 720.4. Anticipatory acts are not covered by this method of proving tampering. There is no proof of retaliation in this case and so the conviction must be reversed.

V. *Conclusion.* We conclude that there was not substantial evidence in the record to support the trial court's conviction of defendant under the charge of tampering with a witness. There is insufficient proof under both the bribery and the harassment theories. We reverse defendant's conviction under this charge.

REVERSED.