# IN THE COURT OF APPEALS OF IOWA

No. 14-1894
Filed October 14, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**SHANE MICHAEL SIRES,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

The defendant challenges the sufficiency of the evidence supporting his conviction for burglary in the third degree. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik and Heather Ann Mapes, Assistant Attorneys General, Thomas J. Ferguson, County Attorney, and James Katcher, Assistant County Attorney, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**MCDONALD, Judge.**

The defendant Shane Shires was convicted of burglary in the third degree, in violation of Iowa Code sections 713.1 and 713.6A(1) (2013), and sentenced as a habitual offender pursuant to Iowa Code sections 902.8 and 902.9. The defendant appeals his conviction, arguing the evidence was insufficient to establish he had specific intent to commit a theft, an element of the offense. *See* Iowa Code § 713.1.

The standard of review for challenges to the sufficiency of the evidence is for corrections of errors at law. *See State v. Edouard*, 854 N.W.2d 421, 431 (Iowa 2014). "In reviewing challenges to the sufficiency of evidence supporting a guilty verdict, courts consider all of the record evidence viewed in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence." *State v. Stanford*, 814 N.W.2d 611, 615 (Iowa 2012). We will uphold a verdict if there is substantial evidence to support it. *See id.* "Evidence is considered substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *Id.* But "[e]vidence that raises only suspicion, speculation, or conjecture is not substantial evidence." *State v. Thomas*, 561 N.W.2d 37, 39 (Iowa 1997) (internal marks omitted). It is immaterial that the State's evidence was circumstantial. *See* Iowa R. App. P. 6.904(3)(p) ("Direct and circumstantial evidence are equally probative."). Intent is seldom proven by direct evidence. *See State v. Grant*, 722 N.W.2d 645, 647-48 (Iowa 2006) ("Because it is difficult to prove intent by direct evidence, proof of intent usually consists of

circumstantial evidence and the inferences that can be drawn from that evidence."); *State v. Sinclair*, 622 N.W.2d 772, 780 (Iowa Ct. App. 2000) ("The element of intent in burglary is seldom susceptible to proof by direct evidence." (citations omitted)).

When the evidence is viewed in the light most favorable to the State, including all reasonable inferences drawn therefrom, we conclude there is substantial evidence the defendant intended to commit a theft. The evidence showed sheriff's deputies responded to a residential break-in in a rural area outside Waterloo at approximately 6:00 a.m. after the home security system activated. The owners of the home were out of town at the time of the break-in. When the authorities responded to the scene, they observed the alarm was loudly sounding. The jury could have reasonably inferred the loud alarm drove away the intruder prior to the completion of any theft. *See Goodenough v. State*, No. 07-0854, 2008 WL 2746334, at *3 (Iowa Ct. App. Jul. 16, 2008) (noting the activation of an alarm drove the intruder from the building and scuttled further entry prior to the completion of any theft). The deputies found the window of the back door of the home was broken and entry was made into the home by reaching through the broken window to unlock the door. *See State v. Oetken*, 613 N.W.2d 679, 686 (Iowa 2000) ("An intent to commit theft may be inferred from an actual breaking and entering of a building which contains things of value."); *Goodenough*, 2008 WL 2746334, at *3 (stating the same). Snow from the intruder's shoes lead from the back door towards the kitchen. The deputies followed the footprints from the home into a nearby corn field. The authorities

observed the defendant lying on the ground. Upon being detected, the defendant jumped up and started running. The deputies pursued and ultimately apprehended the defendant. No items from the home were found on the defendant's person. The homeowners ultimately concluded no items were taken from the home. Under similar circumstances, we have concluded there was substantial evidence establishing the specific intent to commit a theft in support of a burglary conviction. *See, e.g., State v. Sangster*, 299 N.W.2d 661, 662-63 (Iowa 1980) (affirming defendant's conviction where the defendant surreptitiously entered a private garage, stole no items, and his shoes matched the wet shoeprints on the garage floor); *State v. Curry*, No. 10-2009, 2013 WL 988794, at *1-2 (Iowa Ct. App. Mar. 13, 2013) (affirming burglary conviction where the defendant broke into the structure and was found hiding nearby despite the absence of evidence anything was taken from structure); *Goodenough*, 2008 WL 2746334, at *3 (affirming conviction where the defendant broke into structure containing things of value, alarm sounded, and there was no credible explanation for entry); *State v. Howard*, 404 N.W.2d 196, 197-98 (Iowa Ct. App. 1987) (affirming the defendant's conviction where the rear window of a company building was broken, office was ransacked, money was stolen, officers followed snow footprints with a distinct tread for one and one-half to two and one-half miles, officers saw the two defendants running, and co-defendant had money on him).

**AFFIRMED.**