# IN THE COURT OF APPEALS OF IOWA

No. 14-1219
Filed October 14, 2015

STATE OF IOWA,
    Plaintiff-Appellee,

vs.

DIRK J. FISHBACK,
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Clayton County, Richard D. Stochl, Judge.

    Dirk Fishback appeals from his conviction for harassment in the second degree. **AFFIRMED.**

    Mark C. Smith, State Appellate Defender, for appellant.

    Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney General, Alan Heavens, County Attorney, and Ry Meyer, Assistant County Attorney, for appellee.

    Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, Judge.**

Dirk Fishback appeals his conviction following a bench trial for harassment in the second degree. He claims there was insufficient evidence to sustain the conviction, counsel was operating under a conflict of interest and was therefore ineffective, and the district court erred in permitting, if not requiring, Fishback to represent himself posttrial. We conclude the evidence supports that Fishback intended the threat he made and had no legitimate purpose or free-speech protection in doing so. Furthermore, Fishback was not forced into a position of not having counsel postconviction. With regard to his claim of ineffective assistance of counsel, we preserve his claim for possible postconviction-relief proceedings. Therefore, we affirm Fishback's conviction.

**I. Background Facts and Procedure**

Frustrated with what he perceived as law enforcement's harassment of his girlfriend, on February 13, 2012, Fishback left the following message on Clayton County Deputy Sheriff Mark Kautman's voicemail:

> Mark, Dirk Fishback here.
> Hey, your bullshit almost put [my girlfriend] on the road. She turned around she came back in here but the shit you're putting her through here, worse than anything else has got to stop.
> I don't care if I go to jail or not, if it don't stop I will beat your ass. And you can repeat that [unintelligible] if you want, take it as a threat, take it however you want it. But when you start f*cking with people's lives and putting them in danger, that's enough.
> Now, why don't you call me tomorrow and we'll talk about this. Now! . . . . Mark, you got a problem with me you come to me. You know what, you can't come to me you big f*cking pussy? Do it. Leave everybody else out of it. You got a problem with me, come to me.
> Yeah, I called you a big f*cking pussy. Call me tomorrow and man up.

Deputy Kautman considered this to be a credible threat, particularly given that, as he testified at trial, he knew of "some of [Fishback's] history." On February 15, 2013, Fishback was charged with harassment in the first degree, an aggravated misdemeanor, in violation of Iowa Code section 708.7(2) (2011). After numerous continuances and Fishback's waiver of a jury trial, the matter came on for trial to the court on February 20, 2014.

On April 22, the court entered its verdict, finding:

> Fishback called Kautman in order to get him to stop communicating with [his girlfriend] and investigating him. His purpose was to intimidate Kautman into following his demands. Threatening to "beat his ass" was a communication conveyed in a manner likely to annoy Kautman.
> Fishback's threat did contain a reference of physical violence . . . . The[re] was a contingent threat predicated on an ongoing investigation. If Kautman did not cease his use of [the girlfriend], Fishback was going to "beat his ass." This court does find that statement to rise to the level of a threat to commit bodily injury but not one to commit a forcible felony. His conduct constitutes harassment at the serious misdemeanor level.

Based on these facts, the district court found Fishback guilty of second-degree harassment, in violation of Iowa Code section 708.7(3), a serious misdemeanor. Following the conviction trial counsel withdrew, and in May Fishback was directed to hire another attorney. The sentencing hearing was scheduled for July 22, 2014, at which time Fishback had not retained counsel. He then orally moved to continue the sentencing hearing. The district court denied the motion and proceeded to sentencing, ordering Fishback to serve a term of incarceration of ninety days, with all but two days suspended, as well as imposed various fines and fees. Fishback appeals.

**II. Standard of Review**

We review claims based on the sufficiency of the evidence for correction of errors at law. *State v. Lapointe*, 418 N.W.2d 49, 51 (Iowa 1988) (further noting that sufficiency claims are reviewed in the same manner whether the guilty verdict followed a bench trial or a jury trial). We view the evidence in the light most favorable to the State. *Id.* Our review of constitutional issues is de novo, including ineffective-assistance claims as well as the denial of the constitutional right to counsel. *See State v. Majerus*, 722 N.W.2d 179, 181 (Iowa 2006); *see also State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

**III. Sufficiency of the Evidence**

Fishback first asserts there was insufficient evidence supporting his second-degree harassment conviction. He argues he did not intend to make a threat, various statements were misinterpreted, and his voicemail had a legitimate purpose—that is, to evoke a response so officers would respond to his calls. He further claims his speech was protected by the First Amendment.

To convict a defendant of harassment, the State must prove he intended to: (1) intimidate, annoy, or alarm another person; (2) by communication in writing or by telephone; (3) without a legitimate purpose; and (4) in a manner likely to cause the other person annoyance or harm. *See* Iowa Code § 708.7(1) (2011). To constitute second-degree harassment, the communication must constitute a threat to commit bodily injury. *See id.* § 708.7(3).

We agree with the district court the State met its burden establishing Fishback committed harassment in the second degree. In the audio recording, Fishback threatens to "beat [Deputy Kautman's] ass," a statement he, at trial,

conceded he made. This is clearly a threat to commit bodily injury, and Deputy Kautman took it as such. *See id.* § 708.7(3). Though Fishback claims his primary objective when calling Deputy Kautman was to elicit a reaction and to receive a response to his telephone calls, the record does not support this argument. The threat of violence towards Deputy Kautman was explicit, repeated several times, and at no point did Fishback request Deputy Kautman call him back to discuss his girlfriend's case; rather, he stated: "Now, why don't you call me tomorrow and we'll talk about this . . . . Mark, you got a problem with me you come to me. You know what, you can't come to me you big f*cking pussy? Do it." This indicates he had the intent to intimidate, annoy, or alarm Deputy Kautman. *See id.* § 708.7(1).

The record also establishes Fishback's statements were threatening, and thus he had no legitimate purpose when leaving the voicemail. Our supreme court has held that a "true threat" constitutes "a statement that an ordinary, reasonable person, familiar with the context in which the statement was made, would interpret as a threat." *State v. Milner*, 571 N.W.2d 7, 14 (Iowa 1997). A reasonable person would interpret Fishback's statements to "beat his ass" as threatening, and as Deputy Kautman testified, knowing Fishback's history, he believed Fishback was capable of following through with the threat. Consequently, the record supports the conclusion Fishback threatened Deputy Kautman, with the intent to intimidate, annoy, or alarm; moreover, as a matter of law, his threat did not have a legitimate purpose. *See* Iowa Code §§ 708.7(1), (3); *see also Milner*, 571 N.W.2d at 14.

Furthermore, we do not agree with Fishback's claim the First Amendment protected his speech. Our supreme court has noted that the "without legitimate purpose" element is the "constitutional safety valve" built into the statute. *See State v. Button*, 622 N.W.2d 480, 485 (Iowa 2001) (citing *State v. Fratzke*, 446 N.W.2d 781, 783 (Iowa 1989)). As noted above, Fishback's message did not have a legitimate purpose. Therefore, no First-Amendment rights were implicated. *See id.*; *see also Milner*, 571 N.W.2d at 14 (noting the First Amendment does not protect speech that constitutes a threat). Consequently, sufficient evidence supports Fishback's conviction for second-degree harassment.

## IV. Ineffective Assistance of Counsel

Fishback further asserts there was a conflict of interest, as his counsel was also representing Fishback's girlfriend in a child-in-need-of-assistance proceeding, as well as defending her in a drug case.[1] Because Fishback claims his motivation in leaving the heated message on Deputy Kaufman's voicemail was tied to the allegations in his girlfriend's ongoing court proceedings, Fishback claims he was denied effective assistance of counsel.

A defendant may raise an ineffective-assistance claim on direct appeal if the record is adequate to address the claim. *Straw*, 709 N.W.2d at 133. We may either decide the record is adequate and issue a ruling on the merits, or we may choose to preserve the claim for postconviction proceedings. *Id.*

---

[1] Fishback's court appointed counsel represented him through the bench trial before he withdrew, citing a breakdown of attorney-client relations.

On appeal, Fishback refers to a juvenile file the district court declined to consider, as well as information he retrieved from Iowa Courts Online. For us to find a conflict of interest would require us to go beyond the record before the district court, and hence the record on appeal. This we cannot do. We therefore preserve Fishback's claim for possible post-conviction proceedings, in which a properly-developed record can be established. *See State v. Truesdell*, 679 N.W.2d 611, 616 (Iowa 2004) ("Ordinarily, ineffective assistance of counsel claims are best resolved by postconviction proceedings to enable a complete record to be developed and afford trial counsel an opportunity to respond to the claim.").

**V. Post-Trial Legal Counsel**

Fishback's final claim asserts he was denied posttrial legal counsel. He argues the district court improperly permitted—if not required—him to represent himself at the sentencing hearing, thus denying him his Sixth Amendment right to counsel. The State responds this claim is improperly framed as a Sixth Amendment issue, and that rather, Fishback disputes the district court's denial of his motion for a continuance.

We agree with the State that Fishback was not prevented from exercising his right to counsel, as he was represented through trial. After counsel's withdrawal he had ample time to obtain another attorney, as ordered by the court. Consequently, we will review the district court's denial of Fishback's motion to continue, which we review for an abuse of discretion. *See State v. Clark*, 814 N.W.2d 551, 560 (Iowa 2012). This decision rests within the court's discretion, but nonetheless, the granting of a motion to continue is discouraged

and should not be done unless the defendant can establish good cause. *See id.* at 564; *see also* Iowa R. Civ. P. 2.92.

The record establishes the district court did not abuse its discretion when denying Fishback's motion to continue the sentencing hearing. Though trial counsel was not present due to his withdrawal earlier in the proceedings, Fishback was given several months to procure another lawyer, but failed to do so. The district court also noted Fishback was aware of this situation and was relying on a right-to-counsel argument so as to delay the proceedings. Based on these facts, Fishback did not show good cause for the requested delay, and the district court did not abuse its discretion when denying his motion to continue. *See State v. Lopez*, 633 N.W.2d 774, 778–79 (Iowa 2001) (noting there are several factors to consider when ruling on a motion to continue, but the district court "should not permit a defendant to manipulate the right to counsel to delay or disrupt" the proceedings).

For these reasons, we affirm Fishback's conviction for harassment in the second degree.

**AFFIRMED.**