# IN THE COURT OF APPEALS OF IOWA

No. 14-1597
Filed December 23, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KELLY RICHARD NIEMEYER,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer, Judge.


A defendant appeals his drug and firearm convictions following a bench trial on stipulated evidence. **AFFIRMED.**


Susan R. Stockdale, Windsor Heights, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Sharon K. Hall, Assistant Attorneys General, for appellee.


Considered by Potterfield, P.J., Tabor, J., and Miller, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**TABOR, Judge.**

After the district court denied his motion to suppress, Kelly Niemeyer waived his right to a jury trial and stipulated to the minutes of evidence. The district court found him guilty of two marijuana offenses and being a felon in possession of a firearm. On appeal Niemeyer claims his trial counsel was ineffective for failing to object to the waiver colloquy. He also challenges the intent-to-deliver element of his marijuana possession offense.

Because the colloquy was adequate under existing law, we hold Niemeyer's counsel had no duty to object and was not ineffective. On the sufficiency challenge, we find substantial stipulated evidence to support Niemeyer's conviction for possession with intent to deliver.

## I.     Background Facts and Proceedings

Black Hawk County law enforcement suspected Niemeyer was involved in the marijuana trade, and on January 8, 2014, deputies searched trash left curbside at his Waterloo residence. The search unearthed, among other things, marijuana stems, potting soil, and mail addressed to Niemeyer at that residence. To follow up, deputies obtained a search warrant for the house where Niemeyer lived with his girlfriend, Emily Clark, and their young daughter.

Upon arriving at the house, Deputy Matthew Harris read the warrant to Clark. Clark initially denied knowing about Niemeyer's marijuana operation. Clark eventually admitted she was aware of "trim"—that is, cut-up marijuana plants in the basement, but added Niemeyer did not allow her access to the basement.

In the basement, investigators found a marijuana growing operation, including equipment, marijuana plants and seeds, bottles of liquid fertilizer, several 1000-watt ballasts, heat lamps and reflectors, an electric blower with duct work, and numerous plant starter trays. The deputies also found a loaded Smith and Wesson AR-15 rifle and boxes of ammunition next to the marijuana plants.

After walking upstairs from the basement, Deputy Harris encountered Niemeyer. The deputy read him the warrant and his *Miranda* rights. Niemeyer denied selling marijuana and told the deputy the grow operation in the basement belonged to someone else. When asked about the loaded rifle, Niemeyer said he was "holding on to it" for a friend but acknowledged doing so was a "bad idea" because he was a felon. When asked about Clark's involvement, "Niemeyer stated that everything related to illegal narcotics or weapons belonged to him and that she had nothing to do with it."

In the kitchen, investigators found a glass marijuana pipe on the counter along the south wall. In the same area, they found about 75 empty baggies, a clear plastic sandwich bag containing marijuana, a glass jar containing marijuana residue, and a vacuum sealer for plastic bags. They also located a digital scale and a drug ledger in the lower cabinet along that same wall. In the dining room, they found a marijuana grinder on the table, $208 in a desk drawer, and a glass jar containing marijuana behind a fish tank. Niemeyer also had $304 in cash in his wallet.

Based on what investigators found during the search of Niemeyer's house, the State filed a trial information on January 17, 2014, charging him with three

counts: (I) manufacturing marijuana, in violation of Iowa Code sections 124.401(1)(d), 124.401A, and 124.401(1)(e) (2013); (II) possession of marijuana with the intent to deliver, in violation of Iowa Code sections 124.401(1)(d), 124.401A, and 124.401(1)(e); and (III) possession of a firearm by a felon, in violation of Iowa Code section 724.26.

In early spring of 2014, Niemeyer filed an unsuccessful motion to suppress the evidence seized at his home. On May 9, 2014, Niemeyer filed a signed waiver of his right to a jury trial. The written waiver acknowledged his attorney had advised him of his "statutory and constitutional rights" to a jury trial and the "ramifications" of waiving those rights. At a hearing on May 22, 2014, the court confirmed Niemeyer intended to waive his right to a jury and proceed to a bench trial on the stipulated minutes of testimony.

On August 5, 2014, the district court found Niemeyer guilty on all three counts.[1] The court sentenced him to indeterminate prison terms of ten years on counts I and II and five years on count III; all three sentences were to run concurrently. Niemeyer now appeals.

## II.    Scope and Standards of Review

We review ineffective-assistance-of-counsel claims de novo. *State v. McNeal*, 867 N.W.2d 91, 99 (Iowa 2015).

We review challenges to the sufficiency of the evidence for correction of errors at law. *State v. Robinson*, 859 N.W.2d 464, 467 (Iowa 2015). Our scope of review from a criminal conviction is the same whether the factfinder is the

---

[1] The court determined the State had not proven the enhancement for manufacturing or distribution within one-thousand feet of a school under Iowa Code section 124.401A.

court or a jury. *State v. LaPointe*, 418 N.W.2d 49, 51 (Iowa 1988). In reviewing the finding of guilt, we view the evidence in a light most favorable to the State. *Id.* We are bound by the court's finding of guilt unless it is not supported by substantial evidence. *Id.* Evidence is substantial if it would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt. *Robinson*, 859 N.W.2d at 467.

## III.   Analysis

### A.  Ineffective Assistance of Counsel

Niemeyer's first claim involves the performance of his trial counsel. He alleges his attorney was constitutionally remiss in not challenging the adequacy of the court's colloquy to ensure his jury-trial waiver was knowing and voluntary. To succeed on his claim, Niemeyer must show (1) counsel failed to perform an essential duty and (2) prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the duty prong, we measure counsel's performance against the standard of a reasonably competent practitioner, presuming the attorney performed his duties competently. *See State v. Clay*, 824 N.W.2d 488, 495 (2012). To prove prejudice, Niemeyer must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland*, 466 U.S. at 694.

Niemeyer asked our supreme court to retain this case, asserting the appeal raised

> an issue of first impression—whether a defendant agreeing to a trial
> on the minutes should be questioned regarding his waiver of his
> rights to confront and cross examine witnesses, to testify or not

testify on his behalf, and to call his own witnesses through the use of subpoenas, if necessary.

But the supreme court transferred the case to us. And we must follow its previous dictates. The supreme court has held "a bench trial on a stipulated factual record is not the same as a guilty plea proceeding, and due process does not require the court to undertake a guilty plea colloquy prior to accepting a stipulated factual record." *State v. Sayre*, 566 N.W.2d 193, 195 (Iowa 1997) (citing *State v. Everett*, 372 N.W.2d 235, 236 (Iowa 1985)).

If a defendant is stipulating to a bench trial on the minutes, as opposed to pleading guilty, then the district court must complete three tasks: (1) verify the defendant has waived his right to a jury trial in accord with Iowa Rule of Criminal Procedure 2.17(1); (2) confirm the extent of the factual record to which the parties are stipulating; and (3) "find the facts specially and on the record, separately stating its conclusion of law, and rendering an appropriate verdict" as required by rule 2.17(2). *Id.* at 196.

The court satisfied all three requirements here. First, the court verified Niemeyer's desire to waive the right to a jury trial, engaging in the colloquy outlined in *State v. Liddell*, 672 N.W.2d 805, 813-14 (Iowa 2003) and *State v. Feregrino*, 756 N.W.2d 700, 705 (Iowa 2008). Second, the court confirmed the parties were submitting the matter on the original and amended minutes of testimony. Niemeyer told the court he understood it was going to "make a decision about whether [he was] guilty or not guilty of each count in the case based upon written materials that are in the court file rather than on witness

testimony." And third, the district court issued detailed findings of fact and conclusions of law.

Niemeyer's counsel had no obligation to raise a meritless claim concerning the adequacy of his waiver of jury trial and the voluntariness of his agreement to a stipulated trial on the minutes. *See State v. Saxton*, No. 14-0124, 2014 WL 7343522, at *3 (Iowa Ct. App. Dec. 24, 2014). Accordingly, we reject Niemeyer's claim of ineffective assistance of counsel.

### B. Sufficiency

As a second issue, Niemeyer contests the sufficiency of the State's proof that he possessed the marijuana with intent to deliver. Specifically, he challenges the evidence establishing intent.

"Because it is difficult to prove intent by direct evidence, proof of intent usually consists of circumstantial evidence and the inferences that can be drawn from that evidence." *State v. Grant*, 722 N.W.2d 645, 647-48 (Iowa 2006). Police with experience in drug enforcement may provide evidence to assist the fact finder. *Id.* at 648. Intent to deliver also may be inferred from "the manner in which the drugs are packed, large amounts of unexplained cash, and the quantity of drugs possessed." *Id.*

The district court decided the volume of baggies—found in close proximity to a vacuum sealer and digital scale—was consistent with Niemeyer's "intent to weigh, divide, package, and preserve marijuana for sale." The court also pointed to the cash in defendant's wallet and drug ledgers as evidence showing his intent to deliver.

On appeal, Niemeyer argues the stipulated trial record holds no support for the court's reference to drug ledgers. We disagree. The Waterloo Police Department's Property Tag Summary Report, which was incorporated into the minutes of evidence, listed drug ledgers as being found with mail addressed to Niemeyer in a kitchen cabinet. When viewed in the light most favorable to the State, the totality of the evidence found in Niemeyer's house indicated more than marijuana possession for personal use. The scope of the grow operation—coupled with the packaging equipment, ledgers, and cash—all illuminated Niemeyer's intent to deliver. *See State v. Adams*, 554 N.W.2d 686, 692 (Iowa 1996) (noting relatively large amount of cash carried by twenty-one-year-old defendant). We decline to disturb the conviction for possession with intent to deliver.

**AFFIRMED.**