# IN THE COURT OF APPEALS OF IOWA

No. 15-0738
Filed April 27, 2016

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**MARK REED BRITT,**
          Defendant-Appellant.
_____

          Appeal from the Iowa District Court for Pottawattamie County, Richard H.

Davidson, Judge.


          Mark Britt appeals his conviction and sentence for theft in the first degree

following a bench trial.  **AFFIRMED.**


          Mark C. Smith, State Appellate Defender, and Patricia A. Reynolds,

Assistant Appellate Defender, for appellant.

          Thomas J. Miller, Attorney General, and Alexandra Link (until withdrawal)

and Kevin Cmelik, Assistant Attorneys General, for appellee.


          Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Mark Britt was charged with theft in the first degree arising out of the theft of a pickup truck. He waived jury trial, was convicted as charged, and sentenced to imprisonment. He has appealed his conviction and sentence, claiming the evidence was insufficient to support a finding of guilt and the district court abused its discretion in sentencing him to prison. He also claims his trial counsel was ineffective in failing (1) to object to his own late waiver of jury trial, (2) to argue that a finding of good cause was required for the waiver, and (3) to argue the verdict was contrary to the weight of the evidence. We affirm.

## I. Background Facts and Proceedings

Zachary Winkel's pickup truck was stolen on August 18, 2014. On August 21, 2014, a husband and wife recognized the pickup at a gas station and called the police. The couple followed the pickup truck after it left the gas station. When they were approximately one block behind the pickup, the pickup was shifted into reverse and came toward the couple. When the pickup got close to the couple's vehicle, the driver and two passengers in the pickup began yelling at the couple and then quickly drove away. The couple returned to the gas station.

Winkel and his aunt and uncle arrived at the gas station. Winkel saw his pickup, which had been returned to the gas station, and parked his car to block it from leaving. Britt, who was in the driver's seat, and a male passenger quickly exited the pickup and began running in different directions. Britt was found in a walk-in cooler in a convenience store two blocks away and detained until police arrived.

The State charged Britt with theft in the first degree. Less than ten days before a jury trial was scheduled to begin, Britt filed a written waiver of jury trial. Four days later, the court made a record of the colloquy during which Britt waived his right to trial by jury. Trial commenced that same day. The court found Britt guilty as charged and subsequently sentenced him to a prison term not to exceed ten years, thereby denying his request for a suspended sentence.

## II. Analysis

### A. Jury Trial Waiver

Britt's arguments concerning the alleged defects in the jury waiver procedures are raised under the rubric of ineffective assistance of counsel and therefore do not require that error was preserved. *See State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010) ("Ineffective-assistance-of-counsel claims are an exception to the traditional error-preservation rules."). An ineffective-assistance-of-counsel claim may be raised and decided on direct appeal when the record is adequate to address the claim. Iowa Code § 814.7(2)–(3) (2013). We find the record is adequate to address Britt's claim on direct appeal.

To succeed on a claim of ineffective assistance of counsel, Britt must show by a preponderance of the evidence: "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *State v. Thorndike*, 860 N.W.2d 316, 320 (Iowa 2015) (quoting *State v. Adams*, 810 N.W.2d 365, 372 (Iowa 2012)); *accord Strickland v. Washington*, 466 U.S. 668, 687 (1984). In examining Britt's claims, we presume his trial attorney performed his duties competently. *See Thorndike*, 860 N.W.2d at 320. We review claims of ineffective assistance of counsel de novo. *Id.* at 319.

Britt claims his trial counsel was ineffective in failing to object to Britt's own late waiver of jury trial and in failing to argue that a finding of good cause was required for the waiver. Iowa Rule of Criminal Procedure 2.17(1) provides:

> Cases required to be tried by jury shall be so tried unless the defendant voluntarily and intelligently waives a jury trial in writing and on the record within [specified time frames], but not later than ten days prior to the date set for trial, as provided in these rules for good cause shown, and after such times only with the consent of the prosecuting attorney.

A review of rule 2.17(1) makes it clear the "good cause" requirement is a check and balance to be applied by the court. If that requirement were not in the rule, the defendant and the State could by agreement waive jury trial even if the court determined such a waiver would deny the administration of justice to one or both parties. In other words, the good-cause requirement is a shield to be employed by the court when justice requires denial of the waiver.

In the present case, Britt filed a written waiver of jury trial on January 30, 2015, signed by him and certified by his attorney that the State had consented. The waiver clearly recited Britt was waiving his right knowingly and voluntarily. The in-court colloquy and record occurred four days later, on February 3, 2015. The trial court made a thorough record to assure Britt still wanted to waive his right to a jury trial, that he was making a knowing and voluntary waiver, and that the State consented. The court then proceeded to hear the case as a trial to the bench. On this record, we find counsel was not ineffective in allowing Britt to knowingly and voluntarily waive trial by a jury or in failing to insist the court articulate on the record the good-cause reasons for accepting Britt's knowing and voluntary waiver to which the State had consented. *See Jasper v. State*, 477

N.W.2d 852, 857 (Iowa 1991) (rejecting defendant's challenge to his attorney's recommendation concerning waiver of jury trial and noting Jasper "invited the error of which he now complains"); *see also State v. Feregrino*, 756 N.W.2d 700, 708 (Iowa 2008) ("If as a matter of fact the waiver was knowingly and voluntarily given, no . . . structural defect is present."). Britt's effort to use the rule as a sword to attack his own waiver is contrary to the obvious import of the rule.

*B. Motion for Judgment of Acquittal*

Britt argues the trial court committed error when it overruled his motion for judgment of acquittal. "A motion for judgment of acquittal is a means of challenging the sufficiency of the evidence, and we review such claims for correction of errors at law." *State v. Serrato*, 787 N.W.2d 462, 465 (Iowa 2010). Our scope of review of a criminal conviction is the same whether the factfinder is the court or a jury. *State v. LaPointe*, 418 N.W.2d 49, 51 (Iowa 1988). We consider all the evidence, not just the evidence supporting the verdict, and view it in a light most favorable to the State. *Serrato*, 787 N.W.2d at 465. We are bound by the court's finding of guilt if it is supported by substantial evidence. Iowa R. App. P. 6.904(3)(a); *LaPointe*, 418 N.W.2d at 51. Substantial evidence is evidence that would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt. *State v. Robinson*, 859 N.W.2d 464, 467 (Iowa 2015).

Both parties and the trial court recognized the only fighting issue—that is, the only element of the offense that was contested—is whether Britt knew the pickup was stolen. After making detailed findings of fact, the trial court analyzed those facts as follows:

Zachary Winkel reported to law enforcement that his 2003 Dodge Ram pickup was stolen from his residence in Waterloo, Nebraska, on or about August [18], 2014. The record establishes the pickup had a value of at least $16,000.00. The vehicle was later recovered in Council Bluffs, Iowa, at a Buckey's gas station located at 16th and Broadway in Council Bluffs. During the early morning hours of August 22, 2014, the defendant, Mark Britt, was identified driving the Winkel pickup, and approximately an hour and a half later was seen sitting in the driver's seat as it was parked outside Buckey's gas station. Based on these facts, the Court finds the State has proven beyond a reasonable doubt the first two elements of Theft in the First Degree. The fighting issue in this case is whether the defendant knew the pickup had been stolen. That is, did Mark Britt have a conscious awareness that the pickup he was driving on August 22, 2014, was stolen?

The defendant, Mark Britt, knew that the 2003 Dodge Ram was not his vehicle. He also surely recognized the pickup had Nebraska plates. These facts combined with the defendant's actions during the early morning hours of August 22, 2014, convince this Court that he knew the pickup was stolen. The defendant along with his two passengers recognized that [the husband and wife who located the pickup] were following them from the Buckey's gas station. He reversed the pickup in a threatening manner and yelled at the [couple] all in an effort to persuade the couple to not follow the pickup any further. An hour and a half later when Zachary Winkel blocked the defendant from backing out of the Buckey's parking lot, the defendant's immediate reaction was to flee the scene.

Proof of what an individual is thinking is rarely made with direct evidence, but rather it is often demonstrated by circumstantial evidence, and that is the case here. Mr. Britt exercised control over a pickup that he knew was not his. This is not a case where there is some question as to whether or not the defendant had the consent of the owner to drive the pickup. He did not know Zachary Winkel and Zachary had clearly not given consent to anyone to drive his pickup. After considering all the evidence, the Court is firmly convinced that Mark Britt knew the Dodge pickup he was driving the morning of August 22, 2014, was stolen.

The essential facts contained in the first two paragraphs are not in serious dispute. Britt's challenge to the sufficiency of the evidence rests on his challenges to the conclusions drawn from the circumstances, together with the lack of direct evidence of Britt having been the driver or Britt knowing the vehicle

he was driving had been stolen. Thus, we hone our focus to those narrow challenges.

Unlike a jury trial verdict in which we must try to determine how the jury might have viewed the evidence, in this trial to the bench the court explicitly set forth the facts it considered and the conclusions it reached based on those facts. While Britt obviously disagrees with the conclusions reached by the trial court, its ruling plainly and logically set forth the facts, analyzed those facts as they related to the necessary elements of theft, and determined the combination of circumstances proved beyond a reasonable doubt that Britt knew the pickup he was driving was stolen. The evidence of him driving in reverse in an obvious attempt to scare away the couple who were following the pickup after it left the gas station, of Britt quickly exiting the driver's door of the pickup and running two blocks away to hide in a walk-in cooler, and of him driving a vehicle he knew was not his is sufficient evidence to support the element Britt knew the pickup was stolen. *See* Iowa Code § 714.1(4). Substantial evidence supported the verdict of guilty of theft in the first degree.

*C. Motion for New Trial*

Britt argues counsel was ineffective in failing to argue in his motion for new trial that the verdict was contrary to the weight of the evidence, thus seeking to avoid preservation-of-error rules as to that issue.

As noted above, Britt must show counsel failed to perform an essential duty and prejudice resulted. *See Nguyen v. State*, 707 N.W.2d 317, 323 (Iowa 2005). Failure to prove either prong is fatal to the claim. *See State v. Shanahan*, 712 N.W.2d 121, 142 (Iowa 2006).

Iowa Rule of Criminal Procedure 2.24(2)(b)(6) authorizes the district court to grant a new trial "when the verdict is contrary to . . . [the] evidence," which has been held to mean contrary to the weight of the evidence. *See State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998). A verdict is contrary to the weight of the evidence where "a greater amount of credible evidence supports one side of an issue or cause than the other." *Id.* at 658 (citation omitted). "This is a more stringent standard than the sufficiency-of-the-evidence standard." *Nguyen*, 707 N.W.2d at 327.

On our review of the record, we do not find the evidence "preponderate[s] heavily against the verdict." *See id.* (citation omitted). Therefore, Britt was not prejudiced by any failure of his counsel to make a weight-of-the-evidence argument in his motion for a new trial. *See id.* (concluding there was "no reasonable probability that the district court would have granted a new trial had [the defendant]'s counsel made the motion" (citing *Strickland*, 466 U.S. at 694)).

*D. Sentencing*

Britt has seized on the following sentence from the sentencing record to claim the court abused its discretion in failing to consider other important factors: "Mr. Britt, my reason for the sentence is based principally on the seriousness of the crime, your criminal history." We will review a defendant's challenge to his sentence for an abuse of discretion. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion . . . ." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)). An abuse of discretion will be found only when a

sentencing court acts on grounds clearly untenable or to an extent clearly unreasonable. *Id.*

A review of the record shows clearly that the court considered the contents of the presentence investigation report, Britt's need for programming concerning his drug addiction, and his need to obtain a G.E.D. The court discussed Britt's need and prospects for rehabilitation. The court also spoke of the sentencing decision as "what's the best option for not only you, but for society." The district court considered several factors and exercised its discretion appropriately.

For the reasons stated above, we affirm Britt's conviction and sentence for first-degree theft.

**AFFIRMED.**