# IN THE COURT OF APPEALS OF IOWA

No. 23-0766
Filed April 10, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KANG CHUOL CHOTKUAC,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Story County, Steven P. Van Marel,
Judge.

        Kang Chotkuac appeals his conviction for extortion.  **AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant
Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney
General, for appellee.

        Considered by Bower, C.J., and Greer and Chicchelly, JJ.

**BOWER, Chief Judge.**

Kang Chotkuac appeals his conviction for extortion, challenging the sufficiency of the evidence supporting the conviction. Upon our review, we affirm.

## I.    *Background Facts and Proceedings*

On December 29, 2022, general manager Kaitlin Martin of Sweet Caroline's in Ames answered a phone call from someone claiming to be a former employee. The person identified themselves as Chotkuac and claimed he had been "shorted" on his paycheck. Martin later discovered Chotkuac had been previously employed by Sweet Caroline's for a short time beginning in April 2022. She then asked him to provide the dates of the pay period to verify the business records. At some point during the call Chotkuac stated "he was going to sue but instead wanted $100,000 cash or he was going to come down to the restaurant and shoot and kill someone." Martin replied, "excuse me?" to which Chotkuac stated "you heard me." Upon hearing this, Martin immediately hung up the phone, wrote down the phone number, and contacted police.

Ames police officer Daniel Ramirez Villa responded to Sweet Caroline's to investigate. While there, he was informed Chotkuac was in the area. Officer Ramirez Villa proceeded to a recreational facility a few blocks away. Upon arrival, he learned Chotkuac had run through the facility. Several more officers responded to the scene and began searching the building. Officer Nicholas Schieffer located Chotkuac in a women's restroom in city hall. Chotkuac was found shirtless, standing in front of a mirror, his backpack on the ground, with his wallet and cell phone on the countertop. He was immediately arrested, and his property was

seized. Upon further investigation, the phone found in Chotkuac's possession was the phone registered to the number Martin had written down.

Chotkuac was subsequently charged with extortion, a class "D" felony, in violation of Iowa Code section 711.4 (2022). After a one-day jury trial, Chotkuac was found guilty and sentenced to a term of imprisonment not to exceed five years.

## II.    Standard of Review

We review sufficiency-of-the-evidence claims for correction of errors at law. *State v. Kelso-Christy*, 911 N.W.2d 663, 666 (Iowa 2018). We consider "whether, taken in light most favorable to the State, the finding of guilt is supported by substantial evidence in the record." *Id.* (quoting *State v. Meyers*, 799 N.W.2d 132, 138 (Iowa 2011)). There is substantial evidence if it "would convince a rational fact finder the defendant is guilt beyond a reasonable doubt." *Id.* The evidence must at least raise a fair inference of guilt as to each essential element of the crime. *State v. LaPointe*, 418 N.W.2d 49, 51 (Iowa 1988).

## III.    Analysis

The jury was instructed the State would have to prove the following elements of extortion:

> 1. On or about the 29th day of December, 2022, the defendant threatened to inflict physical injury on some person or to commit any public offense.
> 2. The defendant intended to communicate the threat towards Kaitlin Martin.
> 3. The threat was made for the purposes of obtaining something of value for the defendant or another person.

On appeal, Chotkuac argues his comments "were simply hyperbole from a disgruntled former employee who felt, rightly or wrongly, that he had been shorted on a paycheck." He further states "[h]is threats were so outrageous and over-the-

top such that they could not reasonably be taken seriously by anyone." He points to his condition upon arrest in which he was "shirtless and unarmed, apparently unable to carry out his threat."

Chotkuac further contends "Martin initially wanted a 'no-trespass' order and did not appear threatened," noting "[s]he was not overtly traumatized or frightened." Chotkuac points out, "They were not familiar with each other and had not worked together at the restaurant at the same time. Martin simply happened to be there to take his call at that time." Lastly, he claims "the evidence did not establish [he] even *specifically intended* to communicate this threat to Martin in particular." (emphasis in original). The jury was instructed on specific intent as follows:

> "Specific intent" means not only being aware of doing an act and doing it voluntarily, but in addition, doing it with a specific purpose in mind.
> Because determining the defendant's specific intent requires you to decide what a person was thinking when an act was done. It is seldom capable of direct proof. Therefore, you should consider the facts and circumstances surrounding the act to determine the defendant's specific intent. You may, but are not required to, conclude a person intends the natural results of his or her acts.

The State, however, argues Chotkuac's statements were for the jury to decide and "[f]rom [Martin's] actions in hanging up the phone and calling the police, the jury could reasonably infer that she took the threat seriously." Additionally, the State points out "the court instructed the jury that it could conclude 'a person intends the natural consequences of his actions.'"

Upon our review, we find there was substantial evidence for the jury to determine Chotkuac threatened to inflict physical injury through the phone conversation he had with Martin. We further find there was substantial evidence

for the jury to determine Chotkuac intended to communicate the threat toward Martin because the jury could "conclude a person intends the natural results of his or her acts." *See State v. Finnel*, 515 N.W.2d 41, 42 (Iowa 1994) (holding the element of intent is seldom susceptible to proof by direct evidence but depends on inferences drawn from circumstantial evidence); *State v. Howard*, 404 N.W.2d 196, 198 (Iowa Ct. App. 1987) ("The fact finder may determine intent by such reasonable inferences and deductions as may be drawn from facts proved by evidence in accordance with common experience and observation."). Lastly, there was substantial evidence for the jury to determine the threat was made for the purpose of obtaining something of value through the fact Chotkuac indicated he was calling believing he had been shorted on a paycheck. For those reasons, we affirm.

**AFFIRMED.**